**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **Y.A.U.A.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26-cv-1182-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **WARDEN, STEWART DETENTION** | : | |
| **CENTER, *et al.*,** | : | |
| | : | |
| **Respondent.** | : | |

## ORDER

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on September 11, 2026 (Doc. 1), accompanied by Petitioner's motion for the appointment of counsel (Doc. 2). Petitioner does not cite to the relevant statutory authority but states that he cannot afford to hire a lawyer and has limited access to information. (Doc. 2). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2241]." 18 U.S.C. § 3006A(a)(2)(B). However, the issues in this case are neither factually nor legally complex. Petitioner has set forth the essential factual allegations underlying his claims in his habeas application, and the applicable legal doctrines are readily apparent. Further, the Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing at this time. Thus, the interests of justice do not require the appointment of counsel in this case. Accordingly, Petitioner's motion for appointed counsel (Doc. 2) is **DENIED**. If it becomes

apparent at a later point in this proceeding that Petitioner is entitled to appointed counsel, he may refile his motion.

**SO ORDERED**, this 15th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge